IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Criminal Action No. 1:84CR100
                                     Criminal Action No. 1:85CR33

ERIC ARTHUR WALTON,

        Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR CORRECTION OF AN ILLEGAL SENTENCE BE DENIED AND ORDER DIRECTING CLERK TO TERM SUPPLEMENTAL MEMORANDA ERRONEOUSLY STYLED AND FILED AS MOTIONS

### I. Introduction

On January 27, 2006, Defendant, Eric Arthur Walton, filed a Motion for Correction of an Illegal Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure and Memorandum in Support in Criminal Action No. 1:84CR100.[1] The United States filed its Response to Walton's Motion for Correction of an Illegal Sentence on June 21, 2006.[2] Walton filed a Reply on July 3, 2006.[3]

The undersigned filed a Report and Recommendation that the Motion for Correction be denied.[4] Walton filed Objections to the Report and Recommendations on September 18, 2006.[5] The District Court sustained Walton's Objections to the Report and Recommendation and referred the

---

[1] Doc. Nos. 55 and 56.

[2] Doc. No. 62.

[3] Doc. No. 63.

[4] Doc. No. 66.

[5] Doc. No. 67.

Motion for Correction of an Illegal Sentence Pursuant to Rule 35 back to the undersigned for further review on the merits.[6]

It is important to note here Petitioner filed this Motion for a Correction of an Illegal Sentence under Criminal Action No. 1:84-CR100 which criminal action was dismissed. The conviction for which he claims he was illegally sentenced is Criminal Action No. 1:85CR33.

## II. Findings of Fact

A. Petitioner's Criminal History

1. Northern District of West Virginia, Criminal Action No. 5:77CR83. On May 4, 1978, Petitioner was found guilty by jury of two counts of distribution of marijuana. On May 4, 1978, Petitioner was sentenced to five years imprisonment on each count to be served consecutively. A special parole term of four years was imposed to begin at the end of his imprisonment. Petitioner was paroled after serving 44 months of his sentence.

2. Northern District of West Virginia, Criminal Action No. 1:84CR100. Petitioner was indicted on the 20th day of November, 1984, on two Counts - Count One, possession with intent to distribute cocaine, and Count Two, concealing a stolen motor vehicle.

After Petitioner was sentenced on July 31, 1985, in 1:85CR33 and 1:85CR34, the Government moved to dismiss all counts of this (1:84CR100) indictment which the Court granted.

3. Northern District of West Virginia, Criminal Action No. 1:85CR33. On March 11, 1985, Petitioner pleaded guilty to an information charging him with a violation of 21 U.S.C. 843(b), a one count indictment charging use of a telephone for the sale of cocaine. The specific language of the information was as follows:

---

[6] Doc. No. 71.

"Count One

In or about March of 1983, in the Northern District of West Virginia, defendant, Eric Walton, did unlawfully, knowingly, and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is **DISTRIBUTION** of cocaine, and the conspiracy to distribute cocaine, also known as "coke", a Schedule II narcotic controlled substance, as designated by Title 21, United States Code, Section 812(c), Schedule II(a)(4), to James York Snyder at Del Ray Beach, Florida; in violation of Title 21, United States Code, Section 843(b). " **(EMPHASIS ADDED)**.

At the plea hearing Petitioner testified he had two years of college with a 3.5 average. Plea transcript p. 6. The Court summarized the elements of the crime that the Government must prove beyond a reasonable doubt including " . . . you used a telephone in committing and in causing and facilitating the commission of a **felony** involving cocaine, a controlled substance, . . . " Id. pp. 12-13. **(EMPHASIS ADDED)**. The defendant corrected the Court as to the date of the information . Id. 13. The Defendant did not correct the Court as to the word felony. Defendant acknowledged the maximum penalty for the charge was eight years imprisonment or $60,000.00 fine, or both. Id. 15. Defendant pleaded guilty to the information. Id. at 21.

On July 31, 1985, Petitioner was sentenced to a term of imprisonment of eight years and a two year special parole term.

The Judgment and Commitment Order makes the following finding and judgment: "Defendant has been convicted as charged of the offense(s) of the use of a communication facility to **DISTRIBUTE** cocaine in violation of Title 21, United States Code, Section 843(b) and interstate

transportation of stolen property in violation of Title 18, United States Code, Section 2314." **(EMPHASIS ADDED)**. Doc. 7. 1:85CR34.

The Judgment and Commitment Order contains this sentence on Count One of the Information: "Eight (8) years from November 16, 1984, and a two year special parole term for the Title 21, United States Code, Section 843(b) violation, charged in the Information this sentence to run concurrent with any time imposed on Mr. Walton's parole violation now pending, . . . ." Id.

4. <u>Northern District of West Virginia, Criminal Action No. 1:85CR34</u>. This indictment was originally brought in the Southern District of Florida, and transferred to the Northern District of West Virginia as provided for in Rule 20 Fed. R. Crim. P. On March 11, 1985, Petitioner pleaded guilty to Count Two of this indictment charging him with interstate transportation of stolen property with a value in excess of $5,000.00. On July 31, 1985, Petitioner was sentenced to ten years imprisonment to run concurrently with the sentence in 1:85CR33. All other counts in 1:85CR34 were dismissed.

5. <u>Northern District of West Virginia, Criminal Action No. 5:94CR21</u>. On April 10, 1994, petitioner was found guilty by a jury on all counts of a six count indictment - Count One, conspiracy to possess with the intent to distribute marijuana; Count Two, money laundering conspiracy; Counts Three and Four, interstate transportation in aid of racketeering; Count Five, money laundering; and Count Six, aiding and abetting in the possession with intent to distribute marijuana within 1,000 feet of a school.

On July 27, 1994, petitioner was sentenced to life in prison on Counts One and Six to run concurrently; 20 years imprisonment as to Counts Two and Five to run concurrently with each other

and the other counts; and five years imprisonment as to Counts Three and Four, to run concurrently with all other counts.

6. <u>Northern District of West Virginia, Criminal Action No. 5:96CR41</u>. On March 5, 1997, Petitioner was found guilty by a jury of conspiracy to influence a juror and aiding and abetting the attempt to influence a petit juror. On June 16, 1997 petitioner was sentenced to sixty (60) months imprisonment to run concurrently with his other sentences.

B. <u>Habeas Corpus Petitions and Other Petitions</u>.

A. <u>5:96CV127</u>. On July 30, 1996, Petitioner filed a § 2255 motion in 1:85CR34. By Order entered August 9, 1996, that motion was denied.

B. <u>1:99CV7</u>. On January 14, 1999, Petitioner filed a Petition for Writ of Error Coram Nobis in 1:85CR34. By Order entered July 8, 1999, that Petition was denied.

C. <u>1:99CV8</u>. On January 14, 1999, Petitioner filed a Petition for a Writ of Error Coram Nobis in 1:85CR33. By Order entered July 8, 1999, that Petition was denied.

D. <u>1:99CV9</u>. On January 25, 1999, Petitioner filed a Petition for a Writ of Error Coram Nobis in 1:84CR100. By Order entered July 8, 1999, that Petition was denied.

E. <u>5:99CV86</u>. On July 6, 1999, Petitioner filed a § 2255 motion in 5:94CR21. By Order entered February 28, 2002, that Motion was denied.

F. <u>5:00CV191</u>. On November 6, 2000, Petitioner filed a § 2255 motion in 5:96CR41. By Order entered June 25, 2002, the motion was denied.

G. <u>1:03CV207</u>. On September 22, 2003, Petitioner filed a Petition for a Writ of Error Coram Nobis in 1:85CR33 and 1:85CR34. By Order entered May 6, 2005, that petition was

denied. The Order denying the Petition in describing the background of Petitioner's petition contains the following language in the first sentence in the first full paragraph on page 2:

> "Thereafter, on March 11, 1985, Walton entered a guilty plea, again in the United States District Court For the Northern District of West Virginia, to using a telephone facility to obtain cocaine for **personal use** in violation of 21 U.S.C. § 843(b) (case no. 1:85CR33) and . . ." **(EMPHASIS ADDED)**.

### III. Motion for Correction of an Illegal Sentence

A. Contentions of the Parties

Walton contends that because the memorandum opinion and order denying his petition for a writ of error coram nobis in 1:03CV207 contains the language on p. 2 quoted above that he entered a guilty plea to "using a telephone facility to obtain cocaine for personal use in violation of 21 U.S.C. § 843(b) . . . . ", his sentence of eight years was illegal. Specifically Walton contends the maximum sentence for simple possession under 21 U.S.C. § 844 is one year in prison and a minimum fine of $1,000, or both. Walton further contends that he was not notified under 21 U.S.C. § 851 his exposure for this crime would be increased from a maximum of one year to a felony. Walton contends in his memorandum that distribution was omitted in the factual basis for the plea and the plea at the Rule 11 colloquy.

The Government contends the basis for his guilty plea and conviction is the plea agreement. The plea agreement provides Walton will plead guilty to an Information charging him with violating 21 U.S.C. § 843(b). The Government also contends that at the plea hearing the court advised Walton: 1) He was pleading guilty to the sale of cocaine and Walton agreed; 2) the Information charged him with knowingly and intentionally committing a felony involving cocaine and Walton agreed; and 3) the agent testified that the factual basis for the plea was use of a telephone involving

a cocaine transaction. Thereafter Walton pleaded guilty. The Government further contends that at sentencing Walton acknowledged the validity of the charges for which he was being sentenced. Finally, the Government contends that the Fourth Circuit Court of Appeals found that the 1985 conviction was a felony when deciding Walton's appeal of his sentence as a career offender for the 1994 conviction.

Walton replied to the Government's contentions stating that the Government was trying to dispute a judicial ruling that had become final (apparently contending that the language on page 2 of the Memorandum, Opinion and Order describing the background of the 1985 distribution conviction as using a telephone to obtain cocaine for personal use is both a final finding of fact and a final conclusion of law). Walton also contends the Government was arguing the contents and validity of the plea agreement and not the illegal sentence that was imposed. Walton replied that only a Rule 35 Motion can address an illegal sentence. Finally, Walton contends that the Government had to file a notice under 21 U.S.C. § 851(a) to sentence him beyond a misdemeanor for use of a telephone to obtain cocaine for personal use because the felony activity of distribution was not in the plea agreement, Rule 11 colloquy or presentence report. Walton contends because the word distribution was not in any of those three places, the lack of the word distribution was the basis for " . . . Judge Keeley's finding that Walton only used a telephone to obtain cocaine for personal use."

B. Discussion

This motion appears to turn on the interpretation of the following words contained on page two of Judge Keeley's Memorandum, Opinion and Order contained in I. Background:

> "Thereafter, on March 11, 1985, Walton entered a guilty plea, again in the United States (sic) District Court for the Northern District of

7

> West Virginia, to using a telephone facility to obtain cocaine for personal use in violation of 21 U.S.C. § 843(b) (Case No. 1:85CR33) . . . ."

Walton contends this is both a final finding of fact and a final conclusion of law that his conviction in 1:85CR33 is a misdemeanor and he was illegally sentenced to more than the maximum penalty of one year in prison. The Government contends that the quotation from Judge Keeley's Memorandum, Opinion and Order quoted above is merely a discussion of Walton's criminal history and is neither a finding of fact nor a conclusion of law. The Government contends one must look to the plea agreement, Rule 11 and sentencing hearing to determine the underlying conviction.

The information in 85CR33 states:

<u>Count One</u>

In or about March of 1983, in the Northern District of West Virginia, defendant, Eric Walton, did unlawfully, knowingly, and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is **<u>DISTRIBUTION</u>** of cocaine, and the conspiracy to distribute cocaine, also known as "coke", a Schedule II narcotic controlled substance, as designated by Title 21, United States Code, Section 812(c), Schedule 11(a)(4), to James York Snyder at Del Ray Beach, Florida; in violation of Title 21, United States Code, Section 843(b). **<u>(EMPHASIS ADDED)</u>**.

The following excerpts are from the plea hearing transcript:

**P. 12-13**

You used a telephone in committing and in causing and facilitating the commission of a **FELONY INVOLVING COCAINE**, a controlled substance, as alleged in Count 1 of the information; and, two, that you did so knowingly and intentionally. Now, do you understand those elements?

THE DEFENDANT: Yes, sir, there is only - - on question, your Honor.

THE COURT: Yes, sir.

THE DEFENDANT: On the information, it is dated March, 1984. **EMPHASIS ADDED).**

\* \* \*

**P. 14**

THE COURT: You understand that and that you used the telephone in committing or causing the facilitating and the commission of a **FELONY INVOLVING COCAINE**. **(EMPHASIS ADDED)**.

THE DEFENDANT: Yes, sir, Your Honor, I do.

\* \* \*

**P. 15**

THE COURT: The Court is of the opinion that you fully understand the charges against you.

Do you understand that the maximum exposure for the matters set out in the Information and the Indictment, Count 1 of the Information is an exposure of eight years imprisonment or $60,000 fine or both in the discretion of the Court.

9

Count 2 of the Indictment is ten years imprisonment or $10,000 or both in the discretion of the Court, a total exposure of 18 years imprisonment and $70,000 fine or both in the discretion of the Court?

THE DEFENDANT: I understand; yes, sir, Your Honor.

\*        \*        \*

**P. 17**

THE COURT: No, it is here. The Government has agreed to remain silent at the time of sentencing. That is a benefit conferred, Mr. Walton, and while the Government has agreed to do that, do you understand that the sentencing is solely up to the Court and whatever the sentence is, up to the maximum, will give you no right to withdraw if you do not agree?

THE DEFENDANT: Yes, sir, Your Honor, I do understand that.

\*        \*        \*

**PP. 18-19**

DIRECT EXAMINATION

BY MR. SHEEHAN:

Q  Mr. Burgoyne, I would like to direct your attention to those matters contained in the information filed today, that is the allegation that Mr. Walton had a telephone conversation in March of 1983 with reference to cocaine. Would you provide some background on that?

A  Yes. Your Honor, to cover both counts at the same time, on November 16th, 1984, Mr. Walton was indicted by a federal grand jury in th Southern District of Florida. Count 2 of that indictment pertained to the theft of a 1979 Thunderbird boat which had been reported stolen from Wheeling, West Virginia, back on June 14th, 1982 and was subsequently recovered by the FBI in

10

the Southern District of Florida. This boat was valued in excess of $5,000. Now, on the same date Mr. Walton was indicted in Florida, agents of the FBI arrested him near Wheeling, West Virginia, in Marshall County and at that time drug paraphernalia was noticed in plain view and a search warrant was obtained. Subsequently, **A QUARTER POUND OF COCAINE WAS SEIZED**.

Now, regarding the telephone count, a review of Mr. Walton's toll records from his residence back in 1983, specifically March 13th, a call was noted to Delray Beach, Florida. Subsequent investigation by the FBI has determined that this phone call involved a cocaine transaction.

THE COURT :      Mr. Walton, is that the factual situation as you understand it?

THE DEFENDANT: That is factual; yes, sir, Your Honor.  **(EMPHASIS ADDED)**.

*          *          *

The Judgment and Commitment Order makes the following finding and judgment: "Defendant has been convicted as charged of the offense(s) of the use of a communication facility to **DISTRIBUTE** cocaine in violation of Title 21, United States Code, Section 843(b) and interstate transportation of stolen property in violation of Title 18, United States Code, Section 2314." **(EMPHASIS ADDED)**. Doc. 7. 1:85CR34.

The Judgment and Commitment Order contains this sentence on Count One of the Information: "Eight (8) years from November 16, 1984, and a two year special parole term for the Title 21, United States Code, Section 843(b) violation, charged in the Information this sentence to run concurrent with any time imposed on Mr. Walton's parole violation now pending, . . ." Id.

The first reference to using a telephone to obtain cocaine for personal use, as opposed to distribution of cocaine, appears to be on page 3 of Walton's Petition for Writ of Error Coram Nobis. Doc. No. 1, Civil Action No. 1:03CV207. Petitioner claims he admitted only to obtaining some cocaine and never admitted to distributing cocaine.

It would appear that the language describing the background of Walton in Judge Keeley's Memorandum, Opinion and Order mistakenly borrowed the description of the underlying conviction that Walton used in his petition. Walton attempts to use this introductory language to convert his felony conviction to a misdemeanor.

The courts have developed the doctrine of judicial estoppel to deal with situations like this. The Fourth Circuit Court of Appeals set forth the three elements which must be satisfied before the doctrine of judicial estoppel is applied: 1. The party sought to be estopped must be seeking to adopt a position inconsistent with a position taken in prior litigation and the position at issue must be one of fact. 2. The prior position must be one accepted by the court. 3. The party must have intentionally misled the court to gain unfair advantage. Zinkland v. Brown, 478 F.3d 634, 638 (4th Cir., 2007).

In this case Walton is taking a position in this motion that his conviction in 1:85CR34 was a misdemeanor for using a telephone to obtain cocaine for personal use. This position is completely inconsistent with the position that he took in pleading to the information, the plea agreement, the plea hearing, and sentencing. This is an issue of fact, namely, to what crime did he plead? His prior position was accepted by the Court when it took his plea and sentenced him. Walton intentionally misleads the Court to gain an unfair advantage when he asserts in his prior petition for error coram nobis that his conviction was using a telephone to obtain cocaine for personal use. Walton is very

clever, but not truthful. He cannot intentionally mislead the Court and then use it to change his underlying conviction or sentence.

For the foregoing reasons, I recommend the Motion to Correct and Illegal Sentence be denied.

### IV. Other Motions

Defendant has filed three supplemental memoranda in this action which he styled Motions of Judicial Notice which are pending on the docket.[7] Those are all supplemental memoranda and not motions. The Clerk is directed to term said erroneously styled and filed motions.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 6, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[7] Doc. Nos. 69, 70, 72.